## Fenner v. Smyth, Appellant.

*Evidence—Written instrument—Parol evidence to explain writing.*

Where it is clear from the reading of a written instrument that it does not contain the entire contract between the parties, parol evidence may be introduced as an aid to the writing in explaining the meaning the parties intended that the writing should convey.

Argued Dec. 7, 1915. Appeal, No. 303, Oct. T., 1914, by defendant, from judgment of Municipal Court, Philadelphia Co., April T., 1914, No. 1, for plaintiff on case tried by the court without a jury in case of William D. Fenner v. Joseph J. Smyth. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Trespass for the conversion of an automobile. Before GILPIN, J.

At the trial the following agreement between plaintiff and defendant was offered in evidence:

"This is to certify that Jos. J. Smyth and Wm. D. Fenner are the joint owners of an automobile known as the "Apperson."

"That the said automobile is now in the possession of Jos. J. Smyth.

"That the said Jos. J. Smyth has given a thirty-day option to the said Wm. D. Fenner for the purchase of the above-mentioned machine. The option price to be $175 net. The said Jos. J. Smyth agreeing to release to the said Wm. D. Fenner all of his rights in said machine

for the sum of $175.    The said Wm. D. Fenner to pay for all operating and storage charges.

"In the event of the said Wm. D. Fenner failing to take advantage of the above option within the above mentioned thirty days from the date hereof, then he, the said Wm. D. Fenner authorizes and directs the said Jos. J. Smyth to sell at public or private sale the automobile above mentioned at any price or sum within their discretion and that the said Jos. J. Smyth hereby agrees to pay to the said Wm. D. Fenner any sum received from the sale of the said automobile over and above the said sum of $175 less the cost of storage and operating expenses of every kind.

"It is agreed that Jos. J. Smyth be delegated to make settlement to the purchaser or purchasers of the said automobile and account to Fenner for his respective share.

"It is understood and agreed that the amount due Jos. J. Smyth is $175 net, and the balance if any, less operating charges is to be paid to Wm. D. Fenner."

The plaintiff claimed that defendant had converted the car which was worth $800, to his own use, and to the damage of the plaintiff in the sum of $600.

The plaintiff was permitted under exception and objections to testify as follows:

"Mr. Smyth prepared an agreement and the agreement is in evidence, and our understanding was at the time that the car should be placed in the custody of Mr. Smyth, that is at a garage selected by him, and he was to hold the car until the one hundred and seventy-five dollars was repaid, and it was our understanding that the garage expenses were to be assumed by me and the operating expenses and I was to have a reasonable time to repay the amount.    This was on November 1st and coming into the winter season, and I had an opportunity of either selling the car or to pay him and retain it."

"A. At the time this was signed Mr. Smyth said that I would have a reasonable time to turn this car either

into a sale or a reasonable time to return the $175.00.
I took exception to the thirty-days clause—originally it
was a three-cornered arrangement.

"The court: Confine yourself to this agreement.

"A. I objected to that agreement.

"Q. What was said about selling the car?

"A. I was to have the privilege of selling the car in
order to reimburse him if I desired to."

The trial judge found in favor of the plaintiff in the
sum of $201.34.   Defendant appealed.

*Errors assigned* were rulings on evidence quoting the
bill of exceptions, and in entering judgment for plaintiff.

*Paul Reilly,* for appellant.

*Clinton A. Sowers,* with him *Ernest M. Vail,* for ap-
pellee.

OPINION BY KEPHART, J., March 1, 1916:

This action is for the conversion of an automobile.
Appellant's chief complaint rests on the admission of
evidence which he avers tended to contradict the alleged
written declaration of joint ownership.   We are not
satisfied that this writing is entirely free from doubt.
Appellee contends that it is in effect a contract of bail-
ment.   It may be fairly argued that its concluding
paragraph stated a debt presently due the appellant,
and that the obligation on the part of the appellee to pay
the storage and upkeep of the car, and the appellant's
possession of the car, are indicative of a contract of
bailment.   It is evident the agreement did not ex-
press the intention of the parties and where it is clear
from the reading of a written instrument that it does
not contain the entire contract between the parties,
parol evidence may be introduced as an aid to the
writing in explaining the meaning the parties in-
tended that the writing should convey.   It was on this

theory of the law that the parol evidence was admitted. Ample notice of the intention to offer such evidence was given the defendant by the pleadings.   This evidence in connection with appellant's letters shows that he regarded the contract as being in the nature of a bailment.

As we view the instrument and the conditions under which the car was purchased by the appellee, we do not regard the evidence as being an attempt to contradict it. Whether we consider the writing as a declaration of ownership or as a contract of bailment, it is clear the appellant would be liable for any unfair advantage taken of the appellee in disposing of the car for an inadequate price.   In the copy of the writing signed by the appellant and delivered to the appellee it is clearly stated that the car should not be sold unless the appellee was satisfied with the price.   There was testimony of unfair dealing.   The circumstances in relation to the supposed sale of the car to O'Conner were such as to discredit the future conduct of the appellant respecting the sale of the car.   Whether the appellant acted in good faith in an effort to honestly conserve the interests of the appellee, either as joint owner or pledgor, was a question of fact for the jury.   The thirty-day option contained in the written instrument was for the benefit of the appellee if he desired to pay off the debt and repossess the car.   Appellee does not complain that he did not receive the car, but that it was sold for a grossly inadequate price without his consent.   There was sufficient evidence bearing on all the questions of fact involved to sustain the amount found in appellee's favor.

The assignments of error are overruled, and the judgment is affirmed.